IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARIN ARAGHCHI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:16-cv-726 |
| METROPOLITAN LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff KARIN ARAGHCHI, hereinafter referred to as "Plaintiff," brings

1.  This ERISA action against Metropolitan Life Insurance Company, in its capacity as Administrator of the Kelsey-Seybold Clinic Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of her employment with Kelsey-Seybold Clinic.

## PARTIES

2.  Plaintiff is a citizen and resident of Conroe, Texas.

3.  Defendant is a properly organized business entity doing business in the State of Texas.

4.  The disability plan at issue in the case at bar was funded and

administered by Defendant.

5. Defendant is a business entity doing business in the Southern District of Texas. Defendant may be served with process by serving its registered agent, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

7. Venue in the Southern District of Texas is proper by virtue of Defendant doing business in the Southern District of Texas. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id.*) "District courts within the Fifth Circuit have adopted the reasoning outlined by the Ninth Circuit in *Varsic v. United States District Court for the Central District of California*, 607 F.2d 245 (9th Cir. 1979*). See Sanders v. State Street Bank and Trust Company*, 813 F. Supp. 529, 533 (S.D.

Tex. 1993). The Ninth Circuit, in *Varsic*, concluded that whether a defendant "resides or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant. *Varsic*, 607 F.2d at 248." *See Frost v. ReliOn, Inc.*, 2007 U.S. Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007). Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States. See *Bellaire General Hospital v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 825-26 (5th Cir. 1996)*, citing *Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255, 1258 (5th Cir. 1994)*. Here, Defendant is "found" within the Southern District of Texas, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.

9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Kelsey-Seybold Clinic at the time of Plaintiff's onset of disability.

10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11. Defendant funds the Plan benefits.

12. Because the Defendant both funds the plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, Defendant's decision to deny disability benefits should be reviewed by this Court under a *de novo* standard of review.

14. Except as stated in paragraph 15 below, benefit denials governed under ERISA are generally reviewed by the courts under a *de novo* standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

15. In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a *de novo* standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

16. However, discretionary clauses are viewed unfavorably by many states. Several states, including Texas, have enacted statutes or regulations preventing plans from relying on an abuse of discretion standard of review. At least 23 states have enacted bans or restrictions on discretionary provisions in health and/or disability insurance policies. States with bans include: Alaska, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Maine, Michigan, Minnesota, Montana, New Hampshire, New Jersey, New York, Oregon, Rhode Island, Texas, South Dakota, Utah, Vermont, Washington, and Wyoming.

17. ERISA does not preempt state bans on discretionary clauses because of the "savings clause." ERISA preempts "any and all State laws insofar as they …relate to any employee benefit plan." The "savings clause," however, preserves "any law …which regulates insurance…". To fall within the savings clause, a state law must: Be

"specifically directed toward entities engaged in insurance" and "substantially affect the risk pooling arrangement between the insurer and the insured." *Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003).

18. In Texas, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under 28 TAC §§3.1201- 3.1203 (2013).

19. Further, for disability insurance policies issued prior to February 1, 2011 that do not contain a renewal date, said discretionary clause prohibition applies after June 1, 2011 upon any rate increase or any change, modification or amendments on or after June 1, 2011.

20. Plaintiff contends that the Plan fails to give the Defendant said discretion as said discretionary language is prohibited under 28 TAC §§3.1201 - 3.1203 (2013) and this Court should review this matter under a *de novo* standard of review.

21. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## **ADMINISTRATIVE APPEAL**

22. Plaintiff is a 59 year old woman previously employed by Kelsey-Seybold Clinic as a "Registered Nurse."

23. Registered Nurse is classified under the Dictionary of Occupational Titles as Medium with an SVP of 7 and considered to be skilled work.

24. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on July 22, 2011 as on this date Plaintiff suffered from vertigo, Meniere's disease, and

fibromyalgia.

25. Plaintiff alleges that she became disabled on July 25, 2011.

26. Plaintiff filed for short term disability benefits with Defendant on October 6, 2011.

27. Short term disability benefits were granted.

28. Plaintiff filed for long term disability benefits through the plan administered by the Defendant.

29. On November 6, 2014, Defendant denied long term disability benefits under the Plan. Said letter allowed Plaintiff 180 days to appeal this decision.

30. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation."

31. If granted the plan would pay monthly benefit of $2,453.71.

32. On November 30, 2014 Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

33. Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

34. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

35. Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the

Social Security Act, finding that Plaintiff is "disabled" during the relevant time period. Notably, the SSA's definition of disability is significantly more restrictive than Defendant's as they require the claimant to be unable to work in "any occupation in the National Economy."

36. Defendant was provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.

37. On or about November 6, 2014, Defendant's internal consultant, Evan Elizabeth Sager, MA, CRC, vocational rehabilitation consultant, performed a paper review of Plaintiff's claim file.

38. On or about April 3, 2015, Defendant's paid consultant, Marcus Goldman, M.D., ABPN, psychiatry, performed a paper review of Plaintiff's claim file.

39. On or about April 7, 2015, Defendant's paid consultant, Mark N. Friedman, DO, FACP, FACOI, internal medicine and neurology, performed a paper review of Plaintiff's claim file.

40. On or about April 24, 2015, Defendant's paid consultant, Mark N. Friedman, DO, FACP, FACOI, internal medicine and neurology, prepared a revision to his paper review of Plaintiff's claim file.

41. There is an indication that a "David S. Peters, M.D." reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

42. There is an indication that a "John S. Soud" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

43. There is an indication that a "Kathryn A. Murtaugh, RN," nurse consultant, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

44. Defendant's consultants completed their reports without examining Plaintiff.

45. On April 27, 2015, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

46. Defendant also notified Plaintiff on April 27, 2015 that Plaintiff had exhausted her administrative remedies.

47. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

48. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## **MEDICAL FACTS**

49. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

50. Plaintiff suffers from vertigo, Meniere's disease, and fibromyalgia.

51. Treating physicians document continued chronic pain, as well as weakness.

52. Plaintiff's multiple disorders have resulted in restrictions in activity, and have significantly curtailed her ability to engage in any form of exertional activity.

53. Further, Plaintiff's physical impairments have resulted in chronic pain and

discomfort.

54. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

55. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

56. However, Plaintiff continues to suffer from break through pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

57. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

58. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

59. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

60. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

61. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

**DEFENDANT'S CONFLICT OF INTEREST**

62. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

63. Defendant's determination was influenced by its conflict of interest.

64. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

65. The LTD plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

66. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

67. More information promotes accurate claims assessment.

**COUNT I:**
**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132**

68. Plaintiff incorporates those allegations contained in paragraphs 1 through 67 as though set forth at length herein

69. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

    b. Defendant failed to afford proper weight to the evidence in the

      administrative record showing that Plaintiff is totally disabled;

    c.    Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious, and;

    d.    Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

## COUNT II: ATTORNEY FEES AND COSTS

70.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 69 above.

71.    By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A.    Grant Plaintiff declaratory relief, finding that she is entitled to all past due short term and long term disability benefits yet unpaid;

B.    Order Defendant to pay past short term and long term disability benefits retroactive to November 6, 2014 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C.    Order Defendant to remand claim for future administrative review and

continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan.

D. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E. For such other relief as may be deemed just and proper by the Court.

Dated: Houston, Texas
       March 18, 2016

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.

By:  ___/s/ Marc Whitehead_____
     Marc S. Whitehead
     Tex. Bar No. 00785238
     Fed. I.D. No. 15465
     J. Anthony Vessel
     Tex. Bar. No. 24084019
     Fed. I.D. No. 1692384
     Britney Anne Heath McDonald
     Tex. Bar. No. 24083158
     Fed. I.D. No. 2621983
     5300 Memorial Drive, Suite 725
     Houston, Texas 77007
     Telephone: 713-228-8888
     Facsimile: 713-225-0940
     ATTORNEY-IN-CHARGE
     FOR PLAINTIFF,
     KARIN ARAGHCHI